PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GREGORIO SÁNCHEZ, Defendant and Appellant.

No. 4198. Argued November 19, 1930.—Decided January 21, 1931.

*R. López Antongiorgi* for appellant.   *R. A. Gómez* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This is a case where the appellant moved to dismiss the prosecution because he was not brought to trial within one hundred and twenty days after the information was pre- sented.   Section 448 of the Code of Criminal Procedure provides:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

  *   *   *   *   *   *   *

"2.—If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

Under section 452 of the Code of Criminal Procedure the dismissal of the action, as provided under section 448, is a bar to any prosecution for the offense, provided also it is a misdemeanor.   It is therefore evident that prosecutions for misdemeanor, should be promptly tried.   No question arises in the mind of anyone that in the adulteration of milk the offenders should be vigorously prosecuted.   The information was presented on the 30th of October, 1929, and the case was neither set nor tried until the 2nd of April, 1930.

When a motion to dismiss was presented in the District Court of Guayama, the judge thereof, to a certain extent,

reviewed the facts and then concluded that "the court has the conviction that everything possible has been done in order that no case should prescribe, has the conviction that it has been humanly and physically impossible to avoid that more than the time allowed for the prescription of some cases should run, and as the court has this conviction it must dismiss the motion, etc." We are to determine whether the facts justified this conclusion of the court.

Before doing so it will be well to give a slight review of the jurisprudence of this court. In *Dyer* v. *Rossy,* 23 P. R.R. 718, we held that it was the duty of the court to consider whether the trial was delayed for more than one hundred and twenty days without the acquiescence of the defendant, that is, to determine whether good ground for a continuance was shown by the prosecution. In the instant case there was no continuance involved. The case was set and tried after the expiration of the one hundred and twenty days. In *People* v. *Cesari,* 26 P.R.R. 18, we held that the mere congestion of the civil docket was not just cause of delay. In *People* v. *Nigaglioni,* 28 P.R.R. 217, it was decided that the trying of jury cases, of civil cases and vacations of the court, and perhaps other circumstances, justified the delay in that case.

*People* v. *Villafañe,* 37 P.R.R. 604, decided that unless it was shown that preference should be given to other cases, the fact that the court was occupied was no excuse; that if necessary other cases could be postponed. *People* v. *Padilla,* 36 P.R.R. 398, contained a similar pronouncement. There was however a case, cited by appellant, *People* v. *Quirindongo,* 33 P.R.R. 433, where the information was filed on October 19 and the accused was not arraigned until the end of December of the same year. If the accused had been arraigned in due time, we held that no reason was given why he could not have been tried during the criminal term of October and November. The court also held that there was

no reason why there should not have been an earlier setting of the case.

Before overruling the motion to dismiss in this case, the clerk of the court was called as a witness. The District Court of Guayama had held a term for the trial of misdemeanors, which lasted from the 3rd to the 10th of February. We are inclined to agree with the appellant that it was not sufficiently shown that this case could not have been set and tried on or about the same time. In the record a good deal is said of the necessity of hearing appeal cases, but even some of this appeal work - could have been postponed to permit this particular case to be tried. Also, the clerk drew attention to the civil cases which the court had tried, but one of these could have been postponed to permit the setting and trial of this particular case. As we intimated in the case of *People* v. *Quirindongo, supra,* the rights that all citizens have for a prompt trial should be ever present to the officers of the court. It is always possible, it seems to us, to postpone some other case. We are not at all satisfied by the facts outlined in the testimony of the clerk that the case could not have been tried.

In the case before us the court gave a second reason, inasmuch as it was not easy to obtain the chemists of the Health Department, but evidently arrangements can be made by which this class of witnesses may be summoned. It is unnecessary to consider the other error assigned.

The judgment must be reversed and the prisoner discharged.